UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| L&L PROPERTIES 12, LLC | * | CIVIL ACTION NO.: |
| | * | |
| | * | |
| | * | SECT.: |
| VERSUS | * | |
| | * | |
| | * | MAG.: |
| ARNOLD REYES | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORIGINAL COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, who represents as follows in this Original Complaint for Damages:

### PARTIES

1.

Made plaintiff herein is:

   a. **L&L PROPERTIES 12, LLC,** a limited liability corporation domiciled in the State of Louisiana.

2.

Made defendant herein is:

   a. **ARNOLD REYES,** a natural person of the full age of majority who is domiciled in the State of Texas.

1

## JURISDICTION

3.

This Court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1) as Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Furthermore, Plaintiff's members are also all domiciled in the State of Louisiana. There is therefore complete diversity between the parties.

## VENUE

4.

Venue is proper under 28 U.S.C. §1391(b)(2), as the Eastern District of Louisiana is the district where a substantial part of the events giving rise to this claim occurred.

## FACTUAL BACKGROUND and CAUSE OF ACTION

5.

Defendant is indebted for Plaintiff's damages, together with legal interest thereon from the date of judicial demand until paid, and for costs in these proceedings, for the following, to-wit:

6.

Plaintiff is a limited liability company with its offices located at 1615 Poydras Street, Suite 1280, New Orleans, LA 70112.

7.

In or about February 2013, Plaintiff became a member of VIP Executive Lodging, LLC ("VIP Executive Lodging"). VIP Executive Lodging was previously formed by other members prior to Plaintiff's involvement.

8.

VIP Executive Lodging's primary business purpose was to acquire leasehold rights and construct lodging units on certain leased property to house workers involved in hydraulic fracturing operations in Texas.

9.

At all relevant times, Defendant Arnold Reyes was retained as and simultaneously served as corporate counsel for VIP Executive Lodging and its members.

10.

Plaintiff's primary role within VIP Executive Lodging involved contributing funds for the project, while the other members were responsible for the entity's day-to-day operations.

11.

Prior to Plaintiff's funding of the project, Plaintiff instructed Reyes, as corporate counsel, that funding should not be allowed and/or that the funding should not occur until two primary legal issues were resolved.

12.

Specifically, these two primary legal issues involved the transfer of the underlying real property lease to VIP Executive Lodging and confirmation that a third party had validly entered into a contract to lease the living quarters that were the subject of the project. Plaintiff informed Defendant Reyes, as corporate counsel, that both of these issues must be resolved as a prerequisite to funding.

13.

Thereafter, neither Reyes nor any other party resolved these issues. Reyes nevertheless allowed Plaintiff's contribution to fund the project.

14.

Plaintiff's funds ultimately were lost when the project failed, in significant part, related to the above-referenced issues that were not cured prior to funding, as required. As a result, Plaintiff lost its out-of-pocket contribution of approximately $924,912 by the time it discovered that the underlying documentary deficiencies still existed. Plaintiff ceased further capital outlay at that time and has not yet recovered any of its contribution.

15.

On a separate project, Defendant Reyes also served as corporate counsel for VIP Water Karnes City, LLC ("VIP Water KC") and its members in 2013.

16.

VIP Water KC's business purpose was to acquire property, water, and mineral rights for development purposes. After its formation, Plaintiff joined VIP Water KC as a member.

17.

During his representation of VIP Water KC and its members, Defendant Reyes became aware that one of the members had falsified a key document while the parties were in the process of signing an amended operating agreement regarding VIP Water KC. At the time, Defendant Reyes wrote in an email to another member, but not to Plaintiff, that "*I have serious concerns and questions regarding the lease you sent [VIP Water KC member] yesterday purporting to be a new one ... [t]his appears to be a falsified document that you have sent to [VIP Water KC member] to present to investors and is exposing you, Noel and the company to legal liability*." Despite knowing about the falsified documents by one of VIP Water KC's members, who Defendant Reyes also represented in the transaction, Defendant Reyes failed to alert other members, such as Plaintiff to this alarming concern for a period of several days and while also advising Plaintiff to execute the amended operating agreement.

18.

Plaintiff was unaware of the falsified document and would not have executed the amended operating agreement having had this information that Defendant Reyes withheld for several days while the subject transaction proceeded. Instead, Plaintiff executed the amended operating agreement based on the advice of Defendant Reyes, who was representing numerous parties with adverse interests within the transaction. Shortly after this execution, Defendant Reyes informed Plaintiff of his concerns regarding the falsified document. Nevertheless, Plaintiff had already executed the amended operating agreement and had become exposed to litigation from other members of VIP Water KC.

19.

Thereafter, other members of VIP Water KC filed suit against Plaintiff based on the amended operating agreement signed on Reyes' advice. As a result, Plaintiff has incurred past, and will incur significant future, costs and expenses related to defending itself in that litigation.

20.

During the above-described representation, Defendant Reyes failed to diligently or adequately protect the legal rights of Plaintiff. Defendant Reyes improperly represented multiple parties whose interests were in conflict and failed to explain the implications of the common representation and the advantages and risks involved. Defendant Reyes further failed to obtain Plaintiff's consent after any alleged consultation. Additionally, Defendant Reyes failed to timely disclose material facts to Plaintiff.

21.

The above-listed commissions and failures constitute negligence through legal malpractice. As a result of these commissions and failures, Defendant Reyes breached his fiduciary duty and the standard of care applicable to Plaintiff, causing damages, including but not limited to a loss of capital and profits, emotional distress and mental anguish, costs of litigation, and attorney's fees.

22.

Furthermore, Defendant Reyes purposefully availed himself of personal jurisdiction in the Eastern District of Louisiana. Defendant Reyes undertook the representation of Plaintiff, who was located in the Eastern District of Louisiana, as well as directed phone calls and correspondence to this jurisdiction. Moreover, Defendant Reyes directed contact and advice to Plaintiff in this jurisdiction, the contents of which contained falsified information, misrepresentations, and a lack of disclosure of material information. Defendant Reyes' falsified information, misrepresentations, and lack of disclosure of material information induced Plaintiff to prematurely and improperly fund approximately $924,912 of the housing project as well as execute the VIP Water KC amended operating agreement. These actions directly contradicted Plaintiff's instructions to Defendant Reyes and violated the safeguards that were enacted to prevent such a loss.

23.

Defendant Reyes also directed affirmative misrepresentations and omissions relating to the legal representation of Plaintiff in Louisiana, giving rise to these causes of action. Additionally, this claim also arises from Defendant Reyes' breach of fiduciary duty to disclose material information through continuous communications to Plaintiff while in Louisiana.

24.

Plaintiff requests a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Original Complaint for Damages be filed and the Defendant be served to appear and answer same, and after all legal delays and due proceedings had, that there be judgment herein in favor of plaintiff, **L&L PROPERTIES 12, LLC**, and against defendant, **ARNOLD REYES**, condemning Defendant to pay an amount that is just and reasonable under the circumstances, pre-judgment interest from the date of judicial demand until paid, all costs of these proceedings, attorney fees and all general and equitable relief, and for trial by jury.

    Respectfully submitted,

    **HUBER, SLACK, HOUGHTALING,**
    **PANDIT & THOMAS**

    _____s/Charles M. Thomas_____
    **STEPHEN M. HUBER, BAR NO. 24463**
    **CHARLES M. THOMAS, BAR NO. 31989**
    1100 Poydras Street
    Suite 1405
    New Orleans, LA 70163
    Stephen@hshptlaw.com
    Charlie@hshptlaw.com
    ATTORNEYS FOR PLAINTIFF