UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **L&L PROPERTIES 12, LLC,**<br>     Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **No. 14-671** |
| **ARNOLD REYES,**<br>     Defendant | **Section "E"(4)** |

### ORDER AND REASONS

Before the Court is a motion to dismiss filed by Defendant Arnold Reyes ("Reyes") in which he requests several alternative forms of relief.[1] First, he seeks dismissal of the case for lack of personal jurisdiction. If the Court finds personal jurisdiction exists over Reyes, he then requests dismissal on the basis of improper venue. In the alternative, he requests the Court dismiss this case for failure to state a claim for relief, or in the further alternative he seeks dismissal of all claims on summary judgment. Plaintiff L&L Properties 12, LLC ("L&L"), a citizen of Louisiana, filed a legal malpractice action in the United States District Court for the Eastern District of Louisiana against Reyes, a citizen of Texas. Ultimately, L&L seeks damages from Reyes as a result of his alleged negligence and breach of fiduciary duty while serving as L&L's attorney.[2] For the reasons that follow, the Defendant's motion is **DENIED** with leave to re-file after the parties conduct limited jurisdictional discovery.

### BACKGROUND

L&L is a limited liability company whose members are citizens of Louisiana and whose office is located in New Orleans, Louisiana. L&L's Compliant asserts Defendant

---
[1] R. Doc. 10.
[2] R. Doc. 1.

1

Arnold Reyes, a licensed attorney in Texas, committed legal malpractice while representing L&L during two separate projects. As alleged in the Complaint, in or about February 2013, L&L became a member of VIP Executive Lodging, LLC ("VIP Executive Lodging"), an LLC whose primary business purpose was to acquire leasehold rights and construct lodging units on certain leased property to house workers involved in hydraulic fracturing operations in Texas. The primary role of L&L was to contribute funds for the project, while other members were responsible for the LLC's day-to-day operations.

L&L asserts that Reyes was retained as corporate counsel for VIP Executive Lodging and its members, including L&L. L&L claims it instructed Reyes that two legal issues had to be resolved as a prerequisite to funding, specifically the transfer of the underlying real property lease to VIP Executive Lodging and confirmation that a third party had validly entered into a contract to lease the lodging units being constructed on the property. The Complaint asserts that these issues had not been resolved, but "Reyes nevertheless allowed [L&L's] contribution to fund the project."[3] As a result, L&L claims it lost approximately $924,912 when the project failed, in significant part due to these issues not being resolved before L&L's contribution was used to fund the project.

L&L also was a member of VIP Water Karnes City, LLC ("VIP Water KC"), an LLC whose primary business purpose was to acquire property, water, and mineral rights for development purposes. L&L asserts Reyes also served as corporate counsel for VIP Water KC and its members, including L&L. The Complaint alleges that while working on a VIP Water KC transaction involving L&L, Reyes became aware that another member of the LLC, also represented by Reyes in the transaction, had falsified a lease. L&L

---

[3] R. Doc. 1 at p. 4. The affidavit of Frank Levy, which is attached to L&L's Opposition, states: "Reyes nevertheless failed to stop L&L's contribution that funded the project." R. Doc. 16-1 at p. 2.

claims Reyes failed to alert L&L about the falsified lease for several days while the parties were in the process of signing an amended operating agreement, despite the fact that the lease was a key document in the transaction. While this was transpiring, Reyes allegedly advised L&L to execute the amended operating agreement, and L&L claims it would not have executed the amended operating agreement had it known the information withheld by Reyes. L&L contends it executed the amended operating agreement based on Reyes's advice, and he was representing numerous parties with adverse interests with respect to the transaction. It was not until after the agreement was executed that Reyes informed L&L of his concerns. L&L claims it has been exposed to litigation from other members of VIP Water KC as a result of Reyes's failure to diligently or adequately protect L&L's legal rights.

Specifically, L&L alleges Reyes committed negligence through legal malpractice and breached his fiduciary duty and the standard of care as an attorney as a result of the following acts or omissions: (1) Reyes improperly represented multiple parties with conflicting interests and failed to explain the implications of the common representation and the advantages and risks involved, (2) Reyes failed to obtain L&L's consent after any alleged consultation, (3) Reyes failed to timely disclose material facts to L&L.[4] As a result of the falsified information, misrepresentations, and lack of disclosure of material

---

[4] L&L's Complaint alleges that Reyes's conduct constituted legal malpractice and a breach of the fiduciary duty of loyalty Reyes owed to L&L as a client. R. Doc. 1. Although L&L's opposition appears to claim L&L is asserting a fraud claim against Reyes, no such claim appears in the Complaint. Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Indeed, the word "fraud" or "fraudulent" never appear in the Complaint; nor does the Complaint allege Reyes had intent to obtain an unjust advantage or cause a loss or inconvenience to L&L when making any alleged misrepresentation or omission or that Reyes made any representation knowing it was false or made it recklessly. *See* La. Civ. Code art. 1953; *Shandong Yinguang Chm. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010). To the extent L&L intends to assert any fraud or fraudulent misrepresentation claims, L&L must file an amended complaint by **April 13, 2015 at 5:00 p.m.** asserting those claims and alleging with particularity the circumstances constituting fraud pursuant to Rule 9(b).

information, L&L claims it was induced to prematurely and improperly fund the VIP Executive Lodging housing project and to execute the VIP Water KC amended operating agreement. L&L filed suit against Reyes seeking damages for the costs it has incurred, including but not limited to a loss of capital and profits, emotional distress and mental anguish, costs of litigation, and attorney's fees.[5]

Defendant Reyes filed the instant motion seeking to dismiss the case on four alternative grounds: (1) lack of personal jurisdiction, (2) improper venue, (3) failure to state a claim, and (4) summary judgment.[6] Reyes argues no attorney-client relationship ever existed between him and L&L. Additionally, he contends none of the activities complained of took place in Louisiana. Because Reyes practices law in Texas and all of the purported acts and/or omissions occurred in Texas, he argues he lacks minimum contacts with Louisiana and thus the Court does not have personal jurisdiction over him. Alternatively, he argues the case should be dismissed or transferred because any alleged legal malpractice would have occurred and/or originated in Texas, so venue is improper in the Eastern District of Louisiana since a substantial part of the events did not occur in Louisiana. Additionally, Reyes contends L&L does not state a claim upon which relief can be granted for any purported legal malpractice by Reyes, or alternatively there is no dispute of material fact as to L&L's claims and Reyes is entitled to summary judgment.

---

[5] R. Doc. 1.
[6] R. Doc. 10.

## LAW & ANALYSIS

### A. *Personal Jurisdiction*

Where a non-resident defendant challenges personal jurisdiction in a motion to dismiss, the plaintiff bears the burden of proving personal jurisdiction exists.[7] If the district court rules on the motion without an evidentiary hearing, as in this case, the plaintiff need only make a *prima facie* showing of personal jurisdiction.[8] When determining whether a *prima facie* showing of personal jurisdiction exists, the district court must take all uncontroverted allegations in the complaint as true and resolve all factual conflicts in the parties' affidavits in favor of the plaintiff.[9] A finding that the plaintiff has made a *prima facie* showing of jurisdictional facts does not, however, end the inquiry: ultimately, "the plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at a trial."[10]

To exercise personal jurisdiction over a non-resident defendant, two requirements must be satisfied. "First, the forum state's long-arm statute must confer personal jurisdiction. Second, the exercise of jurisdiction must not exceed the boundaries of the Due Process Clause of the Fourteenth Amendment."[11] Because Louisiana's long-arm statute confers personal jurisdiction to the limits of constitutional due process, these two inquiries become one and the same.[12]

---

[7] *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)).
[8] *See id.*
[9] *Id.*
[10] *Traveler's Indem. Co. v. Calvert Fire Ins. Co.*, 798 F.2d 826, 831 (5th Cir. 1986) (internal quotation marks and citation omitted).
[11] *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006) (citation omitted).
[12] *Luv N' Care*, 438 F.3d at 469; La. R.S. 13:3201(B).

The Due Process Clause of the Fourteenth Amendment "operates to limit the power of a State to assert *in personam* jurisdiction over a nonresident defendant."[13] For a court's exercise of personal jurisdiction over a non-resident defendant to be constitutional under the Due Process Clause, (1) "that defendant [must have] purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant [must] not offend 'traditional notions of fair play and substantial justice.'"[14]

The "minimum contacts" test takes two forms, depending on the type of jurisdiction the court seeks to exercise over the defendant: general jurisdiction or specific jurisdiction.[15] A court may exercise general jurisdiction over a non-resident defendant when that defendant's contacts with the forum state are "continuous and systematic," regardless of whether such contacts are related to the plaintiff's cause of action.[16] Where the defendant's contacts are less pervasive, a court may exercise specific jurisdiction over a non-resident defendant "in a suit arising out of or related to the defendant's contacts with the forum."[17]

In this case, it is undisputed that Reyes lacks sufficient contacts with Louisiana to justify general jurisdiction; thus, only specific jurisdiction is at issue. In deciding whether the exercise of specific jurisdiction is constitutional, the Fifth Circuit has enunciated a three-part analysis:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether [he] purposely directed [his] activities toward the forum state or

---

[13] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–14 (1984).
[14] *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (quoting *Int'l Shoe Co.*, 326 U.S. at 316).
[15] *Seiferth*, 472 F.3d at 271.
[16] *Id.* (citing *Helicopteros*, 466 U.S. at 413–14).
[17] *Luv N' Care*, 438 F.3d at 469.

6

purposely availed [himself] of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.[18]

To determine whether Reyes had "minimum contacts" with Louisiana sufficient to confer specific personal jurisdiction, the Court must identify some act or acts whereby he purposefully availed himself of the privilege of conducting activities in Louisiana, thus invoking the benefits and protections of Louisiana's laws.[19] Reyes's conduct and connection with Louisiana establish minimum contacts if they "are such that [he] should reasonably anticipate being haled into court" in Louisiana.[20] Even if Reyes has no physical presence in the forum, the Fifth Circuit has held that "a single, substantial act directed toward the forum can support specific jurisdiction."[21]

## B. *Jurisdictional Discovery*

L&L requests the parties be able to conduct jurisdictional discovery.[22] A district court may allow the parties to conduct discovery to ascertain facts that are relevant in determining personal jurisdiction.[23] "When the defendant disputes the factual bases for jurisdiction, as [Reyes] does here, the court may receive interrogatories, depositions, or any combination of the recognized methods of discovery to help it resolve the jurisdictional issue," and the court "has discretion as to the type and amount of discovery to allow."[24] Additionally, "[i]f a plaintiff presents factual allegations that

---

[18] *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002); *Luv N' Care*, 438 F.3d at 469.
[19] *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *Luv N' Care*, 438 F.3d at 469–70.
[20] *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Luv N' Care*, 438 F.3d at 469–70.
[21] *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990) (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)).
[22] R. Doc. 16 at pp. 21–23.
[23] *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 351 n.13 (1978).
[24] *Walk Haydel & Associates, Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008) (internal quotation marks and citation omitteda).

suggest with reasonable particularity the possible existence of the requisite contacts . . . the plaintiff's right to conduct jurisdictional discovery should be sustained."[25] However, "[w]hen the lack of personal jurisdiction is clear, discovery would serve no purpose" since it cannot "add[] any significant facts;" thus, jurisdictional discovery "should not be permitted."[26]

L&L's Complaint asserts "Defendant Reyes purposefully availed himself of personal jurisdiction in the Eastern District of Louisiana" when he "undertook the representation of Plaintiff, who was located in the Eastern District of Louisiana, as well as directed phone calls and correspondence to this jurisdiction.[27] L&L claims Reyes "directed contact and advice to Plaintiff in this jurisdiction, the contents of which contained falsified information, misrepresentations, and a lack of disclosure of material information," which gave rise to L&L's claims because they "induced Plaintiff to prematurely and improperly fund approximately $924,912 of the housing project as well as execute the VIP Water KC amended operating agreement."[28] Additionally, the Complaint states "this claim also arises from Defendant Reyes' breach of fiduciary duty to disclose material information through continuous communication to Plaintiff while in Louisiana."[29]

Reyes contends he did not have sufficient contacts with Louisiana to support the exercise of personal jurisdiction. As an attachment to his motion to dismiss, Reyes includes a declaration disputing both that he had an attorney-client relationship with L&L and the nature of the communications between Reyes and L&L. Reyes declares: "I

---

[25] *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)).
[26] *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982) (internal quotation marks and citations omitted).
[27] R. Doc. 1 at p. 7.
[28] *Id.*
[29] *Id.*

have never been retained by, nor have I served as counsel to, the plaintiff in this action, L&L Properties 12, LLC . . . at any time."[30] Rather, Reyes asserts L&L was represented by Henry King of King, Krebs & Jurgens, PLLC in New Orleans, Louisiana.[31] The declaration further states: "Any communications between [Reyes] and L&L Properties 12, LLC originated, or a response was provided from, within the territorial boundaries of the State of Texas and solely in [his] role as corporate counsel for the VIP Entities."[32] Reyes also attaches email correspondence in support of these declarations. Reyes further argues that even if it is found there was an attorney-client relationship, "all of the activities giving rise to Plaintiff's purported cause of action occurred in the State of Texas" because all of the alleged acts and/or omissions occurred there.[33]

In its opposition, L&L supports the allegations made in its Complaint by providing a sworn affidavit of Frank Levy, a member and officer of L&L. The affidavit states Reyes served as corporate counsel for VIP Executive Lodging, LLC "and its members, including L&L in New Orleans, Louisiana," and that in addition to undertaking the representation of L&L, "Reyes directed phone calls and correspondence to New Orleans with advice and actions that led to the cause of action for which L&L now sues. This includes Reyes' falsified information, misrepresentations, and lack of disclosure of material information."[34] Levy swears he received a call from Reyes while Levy was at his office in New Orleans, Louisiana during which Reyes assured Levy certain issues would be resolved prior to his advising L&L that it could responsibly fund the project at issue. Levy also states Reyes emailed him at his office in New Orleans, LA

---

[30] R. Doc. 10-4 at p. 2.
[31] *Id.*
[32] *Id.*
[33] R. Doc. 10-3 at pp. 10–12.
[34] R. Doc. 16-1 at p. 3.

exerting pressure on L&L to fund the project, even though Reyes had a conflict of interests that ended up causing losses to L&L. Levy further claims Reyes made material omissions by failing to immediately notify L&L of falsified documents Reyes allegedly knew about and by failing to disclose his conflict of interests to L&L while continuing to advise Levy in Louisiana. According to L&L, it relied to its detriment on the misrepresentations and omissions made by Reyes.

After careful consideration of the record, the Court finds L&L has not made a *prima facie* showing of personal jurisdiction but has made a sufficient preliminary showing of personal jurisdiction to allow jurisdictional discovery.[35] L&L has presented factual allegations suggesting with reasonable particularity the possible existence of contacts that would render specific jurisdiction appropriate. Accordingly, L&L's request for jurisdictional discovery is granted.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Dismiss (R. Doc. 10) is hereby **DENIED** with leave to re-file after limited jurisdictional discovery has been completed.

**IT IS FURTHER ORDERED** that the parties shall have until **May 14, 2015** to conduct discovery limited to the issue of personal jurisdiction, including the existence of an attorney-client relationship.[36]

---

[35] The Court finds the Plaintiff has not shown that the factual and jurisdictional issues in this case are so intertwined that a decision on whether this Court has personal jurisdiction over Reyes should be delayed until the merits are heard. *See Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008).

[36] If a motion to dismiss is filed after the parties conduct jurisdictional discovery, either party may request an evidentiary hearing at that time.

**IT IS FURTHER ORDERED** that a status conference is to take place in chambers on **Thursday, April 2, 2015 at 2:00 p.m.** to discuss the Court's Order and the methods and scope of discovery.

**IT IS FURTHER ORDERED** that to the extent L&L intends to allege any fraud or fraudulent misrepresentation claims, L&L is to file an amended complaint by **April 13, 2015 at 5:00 p.m.** asserting those claims and factual allegations substantiating those claims.[37]

**New Orleans, Louisiana, this 27th day of March, 2015.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[37] "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).